Case No. 24-2223. Samara L. Simmons, appellant, v. Marco Rubio, Secretary, U.S. Department of State. Mr. Deming, for the appellant, the assignment for the appellant. Good morning. May it please the court. My name is Stuart Deming, and I'm here on behalf of the appellant, Samara Simmons. We'd like to reserve 2 minutes by time for rebuttal. For the court are two issues. One relates to the calculation of the limitations period that is at issue. Second relates to the issue of whether or not when the Foreign Service Grievance Board denied the parties from filing any further filings, whether or not that barred her or denied her a right. In my view, the first issue has been extensively addressed in the pleadings or the filings here. I'd like to focus most of my time on the second issue, which relates to the district court's finding that no right was denied. The core issue in terms of that particular ruling was that the board has a rule which provides in 7.8 that a party who is prevailing party may file a petition for attorney fees within 30 days after the issuance of an order. No prior approval is required of the board. By denying my client an opportunity to file any further papers with the board, that right was denied. We raised the issue for the district court and addressed it in our papers. District court did not address that particular issue. And I don't believe my colleague would disagree that there is no dispute that the issue was raised and it remained unaddressed by the court's decision. What's particularly pertinent from my perspective or our perspective, I should say, is that the argument is made essentially that it would have been futile had that right not been denied. Our position is that by the entry of the final order, which would have been September 16, 2022, and then the denial of the motion for reconsideration on April 12, 2023, that prejudice was entered at that point in time. In our complaint, we point out in paragraphs 119 and 120 that at that point in time, prejudice had been entered because the government had asked for a motion, had in its second motion for dismissal, had sought dismissal with prejudice. So when the initial issue was raised as to attorney fees, it was still at that point in time a conditional dismissal. At the point in time of the final decision of the board, it became a dismissal with prejudice, thereby a marriage decision, thereby prevailing party status was established. The court never addressed those issues. We argue that it was raised with the district court. The other argument along those lines that the government has raised in this respect is basically that there was... Mr. Dunn, I guess I'm afraid I don't quite follow that. Since it was with prejudice but against your client, then there wouldn't be any entitlement to attorney's fees. Well, at that point in time, when it went from unconditional or conditional to unconditional, she had at that point in time received all the benefits of what she had sought originally. In other words, she had filed a grievance. Virtually everything she sought had been granted, but a final order had not been entered at that point in time when it was initially addressed by the board. In 2022 and 2023, with the denial of the motion for reconsideration, at that point it had become final. So you had the combination of a final order, which materially altered the relationship between the government and my client. And so she was entitled to attorney's fees for prevailing in the initial September order. Exactly. That's our position. Okay. Thank you. And for that reason, we believe that had the court, that 7.8 would have entitled her to benefits at that point in time. Now, the issue is also raised that there was a requirement somehow, which I don't believe is the case, that a motion for reconsideration would have been the remedy for that. Both the Third Circuit and the Ninth Circuit have basically said that an interim denial of an interim request for attorney fees does not bar relief in terms of a final decision of an administrative body. And so in that respect, we believe we have authority to support our position. As to the initial issue that was raised in terms of the statute of limitations issues, we believe that the district court's reliance upon Ibarra was misplaced. We think that that decision was crystal clear that a motion, a timely motion for reconsideration establishes that you reset the calculation of the limitations period, and it goes from there. Now, my colleague has raised the Supreme Court's decision in ARTIS. What we've pointed out is there are footnotes in ARTIS that basically distinguishes between situations in which there are that yes, the term totally stops, but to hold on the progression of the timing. But what you do in terms of the effect can go back and forth depending upon the circumstances of the holdings. There was a subsequent case, Lambert, where the Supreme Court made it very clear that when you have a motion for reconsideration, it resets the totaling period. So our view is that this court has ruled on this issue time and again, and we don't see there's a basis to change the statute or to carve out an exception under these circumstances. So back to those last comments I thought went to your first argument, but as to your second argument that you're making, how would you be entitled to attorney's fees at that earlier point where the ruling was against your client? In other words, don't you have to show, or one way to look at it is that you failed to show that you would be entitled to any relief? At that point, there are two answers to that question. At that point in time, as the government has basically acknowledged, they used the phrase at that point in time, she was not entitled. In particular, in our complaint, we lay out the various findings of the board, and then we point out that by the entry of the final order, all of those so-called deficiencies were addressed by the entry of the final order. So in that regard, the so-called blanks or gaps had been corrected by that point in time. Have I answered your question? I guess, yes. Thank you. With that. Thank you. We'll give you some time on rebuttal. May I please the Court? I'd like to start with the tolling issue if I could. The Supreme Court has clearly stated that a motion to reconsider a final agency decision tolls the statutory period to seek judicial review of that decision. The final decision here, as counsel acknowledges, is the September 2022 decision. Tolling means stop the progression. The Supreme Court also has made clear that what tolling means. I think a lot of courts have been sloppy with how they use the word toll. Sometimes they use it as you wish to merely pause a clock. I think sometimes they use it as the appellant wishes to reset a clock. I think the best way to use it is the way you're using it. If everyone were perfectly precise with how they use the word toll, then they would always use it that way. I'm not sure I've always been precise if I've written opinions using the word toll. What I haven't found is a Supreme Court case that, regardless of the language used, does what you want. And if you found one, I'm all ears. But what I've been looking for is a Supreme Court case where a litigant has an opportunity to file suit in district court or even file suit here directly to challenge an agency decision. And there's a clock that starts running once the agency decision is final. And I'm looking for a case where the Supreme Court has said that clock starts running from the agency's original decision. It's paused when a motion to reconsider is filed. And it's resumed when the motion to reconsider is decided rather than it's reset when the motion to reconsideration is decided. Do you have any Supreme Court cases that have done exactly that? I think the closest case, Your Honor, is the Artist case. Now, I recognize that did not involve an administrative request for reconsideration. But that case clearly was squarely tackling what the meaning of tolling is. And so I agree with the court that there is the term tolling has been used loosely by courts. I think it was used loosely in the outland decision relied on by the appellant. But I think filing Artist is very clear what tolling means. Maybe another way of asking, Judge Walker, I mean, is this even a case about equitable tolling? Or is this a case about what is the final action of the board? I mean, are there any cases saying that when there's a pending motion for reconsideration that there's a final agency action? Well, I think... And that seems to run just against the sort of ordinary way we think about administrative actions. And it's also against, you know, general principles of administrative exhaustion and finality in administrative law. I'm not sure how the government's reading comports with either the words in the statute or sort of our general background principles how administrative law works. I think it's helpful to look at the statute. The statute says there's a 180-day period to seek judicial review of the board's final action on grievance. Now, that has to mean, to make sense, final reviewable action. The decision denying the reconsideration request is non-reviewable. And the appellant has conceded that appellant's brief at 21 to 22 by saying they're not challenging that aspect of the district court's decision. So let's look at what the state of affairs was when the reconsideration request was denied in April 2023. What is the final agency action that's reviewable? It's not the denial in April 2023. It's the September 2022 decision that resolved the grievance. Well, that, yes, I, you know, that makes sense, right? The final action is the denial of the grievance. But that action doesn't become final until the motion for reconsideration is denied. I mean, why isn't that the right way to read this? It's for a few reasons, Your Honor. First, it was final for 88 days before the reconsideration request was made. So to say that it was non-final from the outset suddenly became non-final from the outset solely by virtue of the following of a reconsideration request, which, by the way, didn't raise new evidence, change circumstances, that is an unnecessary fiction because it does more than you need to to protect the claimant when the reconsider request is filed and to protect the court from the avoidance of unnecessary petitions for review. Can you remind me, is there a time period for filing a motion for reconsideration in the statute? Not in the statute, but in the board's rules and in the regulations, I believe. Well, certainly in the board's rules, it's 90 days. 90 days. Okay. So, I mean, why would it be sensible, though, for this court, for someone to have to file both a motion for reconsideration and, you know, a petition for review in court while a motion for reconsideration was pending? I mean, why would that be a sensible outcome? Why would it be, I mean, in terms of judicial economy, exhaustion, you know, all of these general principles? Well, the tolling rule and the normal operation of tolling exists to prevent what the court has just identified. Statute affords 180 days to seek judicial review from final action. The rules, the board's rules give 90 days to seek reconsideration. So even after the denial of the reconsideration on non-reviewable grounds, the claimant still has 90 days to. But it's entirely possible that reconsideration will move any, you know, judicial need for judicial review, and that's the whole purpose of reconsideration, right, is to give opportunity for the board to resolve. That's why what goes hand in hand with the normal operation of tolling is this idea that while the reconsideration request is pending, the underlying order is treated as if it's non-final. It's treated as if it's non-final so that the litigant doesn't file unnecessary petitions in court. Then that temporary treatment lifts once the reconsideration request is denied, if it's denied on grounds that are non-reviewable. Now, if it's denied, if it's resolved on grounds that are reviewable, well, then that becomes the new final action that supplants the underlying order, and then you would have 180 days from that period. But how would somebody know that? I mean, if it was like on day, you know, I don't know. Well, Cendracorp sort of addressed this issue squarely. It said in order for a reconsideration denial to involve a reopening, the agency needs to clearly state that it's a reopening. If it's not a reopening, then it's non-reviewable, and then the tolling event has ended, and then you go back and you resume the clock that had started from the underlying order. Which artist is not an agency action case, right? Right. It seems like the artist is not on point, and Outland is on point, and we have to follow Outland. It's kind of old, but even old cases that haven't been overruled or abrogated are still precedential. Well, I would suggest that Outland doesn't govern this particular case for a few reasons. First, the statute in Outland provided for judicial review within specified time of any order. That's the language, not a final action. Whereas Section 4140A provides for judicial review within 100 days of final board action on a grievance. So the language of the statute is materially different than it is here. And so I think the outcome in Outland can be simply explained by the fact the statute allowed for judicial review of any order, not final order. And there's also sort of what I'll call a situational distinction. So Outland, it is a dated case, and that is significant because it predates the developments in the law, some of which we've discussed, including when a denial of reconsideration is reviewable and when it is not reviewable. So Outland doesn't really contend with that question, and you can't glean from the decision whether the reconsideration denial in Outland was one that involved a reopening, in which case it would become a final action, or whether it did not involve a reopening. Outland simply didn't grasp those issues because the law hadn't developed to contend with those issues at that point. So that's another reason why Outland, the court cannot conclude, I would respectfully submit, that Outland applies here because we don't know enough from the Outland decision as to whether it's on all fours with this case. Go ahead. Do you have a sense if the government has the same understanding in the kind of countless agency petitions? I mean, it's often the case that there's a time limit for challenging an agency action. It's often the case that you can petition the agency for rehearing. I mean, we get these every week. I guess, is it the government's position that the rule you're asserting here is the rule for all those other contexts? I think with statutory language similar to the statute here, the court can certainly announce a rule that would apply to those cases. Again, what is final action? And that's the statutory language, and that's where the 180-day period runs from. Are you familiar with Justice Scalia's decision in ICC versus the International Brotherhood of Engineers? Yes. Why doesn't that give us the guidance we need here? Well, that case, Your Honor, principally focuses on when a denial— Bob's Act, it's APA. Yes, but on when a denial of reconsideration is a reviewable order or not. But I will say the court does emphasize in that decision that the underlying order is not—remains time-barred. They say it at the outset. I don't have the cite for the court, but the underlying order, I believe, was October 1982. Well, I'm looking at page 270, and the court says, the appeal from the denial of clarification was therefore timely. That's the whole of it. Well, the court then said that it was not reviewable. So what the court was saying was—and I would also just submit that the time period, the court needs to look first at its jurisdiction before it looks at whether something is timely. Well, you have to strike everything Justice Scalia wrote in the first paragraph of Part 2 of his appeal. Well, Your Honor, I would submit that actually Locomotive Engineers supports our position because it's very clear that denial of reconsideration was not final action, reviewable final action. It's not the final action, but if—but Locomotive Engineers is inconsistent with your tolling argument, as I understand it, right? Because if the running of the 60 days in that case was only paused, then the petition for review would have been late in that case, if you look at the way the timing runs. So it's true that the final action for review was the initial decision, not the motion for reconsideration. But the way the timing works and the way the petition works is inconsistent with the government's statement. Is the court referencing Locomotive Engineer? Yeah. Your Honor, the timeline actually is not very laid out with precision in Locomotive Engineer. There was an original— It's true if you don't read that first paragraph of Part 2. The original order was October 1982. There was another order in May 1983 that no clarification was needed. There was a reconsideration denial in October 1983. The court was very clear that the October 1982 order was not—could not be challenged because it would be untimely. And the court isn't clear as to when the reconsideration request was filed relative to October 1982. The procedural rule permitted, I think, a 20-day period. And so I think you could just as easily conclude from that that the court was not going to reset the 60-day period back to October 1982 after the reconsideration denials. I'll have to look at that timeline again.  Yes, and you have to review that first paragraph of Part 2. And I would just say that— Because, I mean, if you want to argue to the court what Justice Scalia wrote was ambiguous, that's one thing. But he wasn't an ambiguous writer. He made very clear what his opinion was and his interpretation. Surely, we have been following that all these years. I'm not understanding the government's position here. I mean, we have all these HOMS Act cases. We have all these APA cases. We've been citing this. All right? So—and the Supreme Court hasn't qualified or overruled it. And the case you cited, as Walker pointed out, is an agency case. And you're saying that's the best authority you have. Well, what I would like to just emphasize is the plaintiff is advocating for a tolling rule. Tolling means that the progression of the clock stops running upon the tolling event. It doesn't—and I don't— So John Walker asked you for what's your best case, and you said artists. Well, artists explains how tolling operates. And it's not an agency case. We're just going around and searching. Well, I'd like to point out, if I could, what I think plaintiff is doing is trying to borrow a rule from the judicial context, whereby the appellate review of district court decisions. And in that context, courts have sort of adopted this rule where they treat the underlying order as not final until the reconsideration is resolved. We've applied that rule, though, in many administrative contexts as well, especially where the underlying administrative context is similar to an investigation. I've—again, I don't believe this court— I think the guidance is really from the Sendra case, which talks about what final—when a denial of reconsideration is final. And that's important because in the judicial context, the reconsideration denial is reviewable regardless. It doesn't matter how it's resolved. In the administrative context, the reconsideration denial is usually not reviewable. It's only reviewable in limited circumstances. So what the plaintiff's—I mean, the appellant's position would do is rewriting the statute. Instead of giving the claimant 180 days from final action, it's giving the claimant 180 days from non-reviewable action. So if there's successive reconsideration requests, effectively you could—under that rationale, you could extend the time period indefinitely. I would direct the court also to Egan, where Egan said that a complaint filed within 180 days of a non-reviewable denial of reconsideration is untimely. And that is essentially what is—appellant is asserting here. Are there any further questions? If there are no further questions, we ask the court to confirm the judgment. Thank you. Mr. Deming, we'll give you two minutes. Briefly, Your Honor, in response, first of all, the motion for reconsideration was filed timely before the board. Secondly, there were not successive motions for reconsideration. Iberra points out that there are situations where there are repetitive, successive motions for reconsideration. It's holding. It's not apt to apply. And as Iberra has also pointed out, whether or not the motion for reconsideration is plausible on its face is not a factor in terms of controlling whether or not the rule applies. And the ordinary rule, as I've interpreted it, or we understood it to be, was that a final decision of the administrative body becomes non-final during the pendency of the motion for reconsideration. Nothing further, Your Honor. Thank you.
judges: Rao; Walker; Rogers